## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DON CRUDUP | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-17-197 |
| DIVISION OF CORRECTION | * | |
| EASTERN CORRECTIONAL INSTITUTION | | |
| | * | |
| Defendants | | |
| | *** | |

### **MEMORANDUM**

The above-entitled complaint was filed pursuant to 42 U.S.C. § 1983 on January 23, 2017. Plaintiff seeks leave to proceed in forma pauperis, which shall be granted. For the reasons set forth below, the complaint must be dismissed.

Plaintiff, who is incarcerated at Eastern Correctional Institution in Westover, Maryland, asserts that on January 9, 2017, a pipe burst on C-tier causing the area to flood. ECF 1 at p. 3. Plaintiff states that he was walking through the dayroom where the flooding occurred and, although he tried to avoid walking in the flooded area, he slipped and fell. *Id*. He states three officers witnessed the accident. *Id*. In an administrative remedy complaint plaintiff filed and submitted with the complaint, he alleges the pipe burst through the negligence of staff responsible for maintenance in the prison. ECF 1-1. As relief he seeks unspecified compensation for "several injuries" he incurred. ECF 1 at p. 3.

The complaint is filed under 42 U.S.C. § 1983 which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured . . ." The negligence plaintiff attributes to unnamed parties and he alleges was the cause of the flood does not state a constitutional claim. Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established pre-existing law. *See Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson*, 501 U.S. at 298-300). Neglecting to perform routine maintenance is not an intentional imposition of cruel and unusual punishment. A slip-and-fall claim, such as the one alleged in this complaint, does not become a constitutional claim simply because it occurred in a state prison.

To the extent plaintiff also claims loss of property because of the flood, the complaint does not state a claim under the Fourteenth Amendment. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp.

---

[1] Plaintiff may avail himself of remedies under Maryland's Tort Claims Act and through the Inmate Grievance Office.

574, 579 (D. Md. 1982).[2]   The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, assuming Plaintiff's personal property was destroyed as he alleges, such a claim does not rise to a constitutional violation.[3]

The complaint shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995). Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate order follows.

February 2, 2017                              _____/s/_____
Date                                          James K. Bredar
                                              United States District Judge

---

[2]  Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also apply to cases of lost or stolen property, given *Juncker*'s reliance on *Parratt* in dismissing plaintiff's due process claim.

[3]  In rejecting a prisoner's Fourth Amendment claim to an expectation of privacy in his cell, the Supreme Court stated that denying such a claim did not "mean that [a prisoner] is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.' By the same token, there are adequate state tort and common-law remedies available to respondent to redress the alleged destruction of his personal property." *Hudson,* 486 U.S. at 530-31.